

JUDGE CARTER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK** 12 CV 4331

| | |
|---|---|
| DEYANIRA TEJADA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| COHEN & SLAMOWITZ, LLP, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

RECEIVED
JUN 01 '12
U.S.D.C. S.D. N.Y.
CASHIERS

## INTRODUCTION

1.    This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et

seq., (FDCPA).

## JURISDICTION AND VENUE

2.    Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331 in that this dispute involves predominant issues of federal law.  The defendant has

violated numerous provisions of the FDCPA.

3.    Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §

1367.

4.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    Venue in this district is proper in that the defendant transacted business here and

the conduct complained of occurred here.

6.      The defendant regularly does business within this district, and has engaged in a persistent course of conduct within this district. The defendant also derived substantial revenue from services rendered in this judicial district and state.

7.      The defendant expected or reasonably should have expected the acts alleged in this complaint would have consequences in this judicial district and state. The defendant derives substantial revenue from interstate commerce.

8.      The defendant caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

## PARTIES

9.      Plaintiff DEYANIRA TEJADA ("plaintiff") is a natural person who resided at all relevant times in Bronx County, New York.

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

11.     COHEN & SLAMOWITZ, LLP ("defendant") is a domestic limited liability partnership organized and existing under the laws of New York.

12.     Defendant's principal place of business is located at 199 Crossways Park Drive, Woodbury, New York 11797-2016.

13.     The principal purpose of the defendant is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

2

15.     All acts done by defendant's employees or agents were done on defendant's behalf.

16.     The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

17.     The events began when plaintiff called Citibank in December 1, 2011 to offer payment to resolve an outstanding consumer debt, account ending in 8803. A Citibank representative informed plaintiff that the account had been given to defendant Cohen & Slamowitz for legal collection.

18.     On December 1, 2011 or December 2, 2011, plaintiff spoke to defendant's employee "Robert Green" who, upon information and belief, offered settlement payments at an amount too high for plaintiff to manage.

19.     Plaintiff was unable to reach Mr. Green thereafter.

20.     On or around December 5, 2011, plaintiff spoke again to "Benny Lopez" to discuss the debt and the possibility of a manageable settlement plan. Mr. Lopez indicated that plaintiff would need to complete a statement of financial hardship in order to obtain a more favorable settlement arrangement.

21.     On December 7, 2011, plaintiff and defendant spoke for 25 minutes about the debt and a possible settlement. Upon and information and belief, plaintiff spoke to "Benny Lopez" during this call. Mr. Lopez sought personal information from plaintiff.

22.     After the initial communication with plaintiff, and after at least three additional communications with plaintiff, defendant failed to send within five days written notice to plaintiff containing the required validation disclosures set forth in FDCPA § 1692g.

23.     The first or second written communication from defendant to plaintiff was a single document (**Exhibit 1**), sent on December 10, 2011, entitled "Financial Statement," which appears to be the Statement of Financial Hardship referenced by "Benny Lopez" in the December 5, 2011 telephone call.  No other documents other than Exhibit 1 were contained in the envelope.

24.     Exhibit 1 does not contain any of the validation disclosures required under FDCPA § 1692g, or even state that the communication is from a debt collector as required under FDCPA § 1692e(11).

25.     Shortly thereafter, defendant sent plaintiff a dunning letter dated December 8, 2011 (**Exhibit 2**) asserting an amount owed of $16, 211.50.

26.     The parties had an 11-minute phone conversation on December 15, 2011.

27.     By letter dated December 30, 2011 (**Exhibit 3**), defendant sent to plaintiff an unsigned letter containing the "Validation Notice" required under FDCPA § 1692g. This notice was untimely because it was not sent within five days of the parties' initial communication, written or oral. This letter asserts a balance owed of $16, 211.50.

28.     Also dated December 30, 2011 (**Exhibit 4**), is defendant's written demand for payment that overshadowed plaintiff's 30-day verification period. This letter also asserts a balance owed of $16, 211.50. Exhibits 3 and 4 were contained in the same envelope.

29.     By unsigned letter dated February 24, 2012 (**Exhibit 5**), defendant stated, "[o]ur client has authorized us to commence a lawsuit against you." This letter implies

meaningful attorney involvement because it communicates a legal threat. Furthermore, this letter asserts a balance of $16,351.50.

30.      On February 29, 2012, defendant, on behalf of Citibank, filed an action captioned Citibank, N.A. v. Deyanira M. Tejada, Index # 4039/12 (**Exhibit 6**) in Civil Court, Bronx County.  The complaint demands $16,211.50 with costs and disbursements, but noticeably absent is a demand for interest. Therefore, any subsequent dun that adds interest to the alleged principal is inherently false, misleading, and deceptive.

31.      Plaintiff received a copy of the summons and complaint on or around April 12, 2012.

32.      By unsigned letter dated May 2, 2012 (**Exhibit 7**), defendant sent plaintiff a letter, enclosing a summons, which states, "[e]nclosed, please find an additional copy of the summons pursuant to New York State law."

33.      The statement "pursuant to New York State law" is vague and misleading because by the date of said letter (May 2, 2012), defendant had alleged to have already completed service, rebutting any claim that the letter was sent in order to complete service. Furthermore, defendant was not moving for a default judgment because plaintiff was not in default, which precluded the need to send the enclosed summons under CPLR § 3215g(i) relating to default judgments.

### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

34.      The plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

35.   The defendant violated FDCPA §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(5),

1692e(9), 1692e(10), 1692e(11), 1692e(13), 1692f, 1693f(1) 1692g, 1692g, 1692g(a)(1),

1692g(a)(2), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5), for the following:

a) Failing to send timely, required written validation notices under FDCPA §
1692g and 1692e.

b) Sending plaintiff unsigned attorney letters (**Exhibits 2, 4, 5,** and **7**), some
of which contain legal threats and legal statements or implied legal threats.
The lack of signatures infers that no attorney had meaningfully reviewed
or participated in creating said letters. These unsigned letters would
confuse the least sophisticated consumer as to the degree, if any, of
meaningful attorney involvement in creating and sending those letters.

c) In sending at least one written communication (**Exhibit 1**) that fails to
indicate that it is from a debt collector.

d) Failing to state in its initial communication, "This is an attempt to collect a
debt and any information obtained will be used for that purpose."

e) Sending a validation notice dated December 30, 2011 (**Exhibit 3**)
simultaneously with a dunning letter dated that same day (**Exhibit 4**). This
act overshadowed plaintiff's 30-day validation period. Particularly
confusing is Exhibit 4's statement, "[o]ur client has advised us that there is
a balance due and owing." This letter, and its constituent statement(s),
overshadowed and would confuse the least sophisticated consumer as to
her validation rights.

f) Adding interest charges to the alleged amount when its complaint lacked a
demand for interest thereby confusing the least sophisticated consumer as
to the true amount of the debt and the right to collect accruing interest.

g) Asserting inconsistent amounts as being owed.

h) Attempting to collect an amount not authorized by contract or statute.

i) Using a sequence of confusing and violative communications that
consequentially harass, annoy and abuse plaintiff. This strategy is a
deceptive and misleading means to collect a debt.

36.     As a result of the above violations of the FDCPA, defendant is liable to plaintiff for actual damages as set forth in this complaint, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

**Plaintiff's Actual Damages**

37.     Sensing that defendant engaged in unfair and unlawful collection conduct, plaintiff was forced to hire an attorney to protect her rights since she believed she would be taken advantage of if she tried to settle the underlying debt in good faith. Therefore, she claims as damages her attorneys' fees for defending against defendant's prosecution of the underlying collection lawsuit.

38.     The plaintiff suffered other actual, non-pecuniary damages, including emotional distress, loss of tranquility, hostility, anxiety, worry, fear, worry, fright, shock, lost concentration, and stress.

**WHEREFORE**, Plaintiff respectfully requests a trial by jury and also requests that judgment be entered against defendant for the following:

a.     On the FIRST CLAIM FOR RELIEF (FDCPA), statutory damages, actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

b.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: New York, NY
       June 1, 2012

Jesse Langel, Esq. (JL-7079)
The Langel Firm
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

**Exhibit 1**

# FINANCIAL STATEMENT

File# *PO2021*

The Information stated below is provided by _____ on this date of _____

, is true and correct is intended to be used for settlement of the

Account # _____

Name _____ SS # _____

Spouse _____ SS # _____

Address _____ City _____ State _____ Zip _____

Employer _____ Date Hired _____ POE Ph# _____

Sp. Emp. _____ Date Hired _____ POE Ph# _____

| Assets | Total | Liabilities | Total | Monthly |
|---|---|---|---|---|
| Cash | $_____ | Credit Cards | $_____ | $_____ |
| Checking | $_____ | Notes Payable | $_____ | $_____ |
| Accounts | $_____ | Taxes Payable | $_____ | $_____ |
| Savings Accounts | $_____ | Mortgage/Rent | $_____ | $_____ |
| Accounts | $_____ | Child Support | $_____ | $_____ |
| Receivable | $_____ | Outstanding | $_____ | $_____ |
| Notes Receivable | $_____ | Loans | $_____ | $_____ |
| Stocks and Bonds | $_____ | Insurance (Res.) | $_____ | $_____ |
| IRA Accounts | $_____ | Insurance (Car) | $_____ | $_____ |
| Surrender Value of | $_____ | Medical | $_____ | $_____ |
| Life Insurance | $_____ | Expense | $_____ | $_____ |
| Vehicles | $_____ | Utilities | $_____ | $_____ |
| Household Goods | $_____ | Phone | $_____ | $_____ |
| Real Estate Equity | $_____ | Other Judgment | $_____ | $_____ |
| Other | $_____ | Other | $_____ | $_____ |
| Other | $_____ | Other | $_____ | $_____ |
| Other | $_____ | Total | $_____ | $_____ |
| Fair Market Value | $_____ | | | |
| Total | $_____ | | | |

| Income: | Monthly | Annual |
|---|---|---|
| Husband | $_____ | $_____ |
| Wife | $_____ | $_____ |
| Net (Income-Liabilities) | $_____ | $_____ |

Completed by : _____

**Cardmember/CollectionRep./Management**

**Exhibit 2**

P.O. BOX 9012
WOODBURY, NY 11797-9012

**Law Office**
## Cohen & Slamowitz, LLP
(516) 686-8983
(800) 293-6006 ext 8983
Fax (516) 908-7993
Firm Representative: Benny Lopez

December 8, 2011

RE:
**Debtor: Deyanira M Tejada**
Creditor: Citibank, N.A.
Card Type: CITI AT&T UNIVERSAL
MASTERCARD
Account Number: 5398829188988803
C&S File Number: P020211
Balance as of December 8, 2011: $16,211.50

DEYANIRA M TEJADA
3009 KINGSBRIDGETR.#B3
BRONX, NY 10463

Dear Deyanira M Tejada:

Please be advised that this office represents Citibank, N.A. in connection with your outstanding bill. Citibank, N.A. has retained us to work with you to resolve this matter to your satisfaction. We understand that your finances may not allow payment of the balance in full at this time. As a result, we are authorized to offer the following three options:

| | |
|---|---|
| **Option 1:** 35% Discount<br>Payment Due Date: December 29, 2011 | One Payment of Only<br>$10,537.48 |
| **Option 2:** 20% Discount<br>First Payment Due Date: December 29, 2011 | 3 Monthly Payments of Only<br>$4,323.07 |
| **Option 3:** 24 Monthly Payments; First Payment of $675.69 due December 29, 2011,<br>Followed by 23 monthly payments of $675.47 starting on January 29, 2012. | |

Please use the bottom portion of this letter to indicate the preferred option. We are enclosing a business reply envelope for your convenience. If you would like to discuss your account with one of our account representatives, please call us at the telephone number set forth above. Kindly reply to us by December 29, 2011 as these options may not be available to you after this date.

Very truly yours,

Cohen & Slamowitz, LLP
**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

Please detach and return this portion with your payment

| Credit Card Used For Payment | | Creditor: Citibank, N.A. |
|---|---|---|
| ☐ Visa ☐ MasterCard | | C&S File Number: P020211 |
| Card Number | Amount | |
| Signature | Exp. Date | Current Balance: $16,211.50 as of December 8, 2011<br>Offer Expires On: December 29, 2011 |

OPTION SELECTED (please check one):
☐ 1 PAYMENT OF $10,537.48 ☐ 3 PAYMENTS OF $4,323.07 EACH ☐ 24 PAYMENTS, 1ST PAYMENT: $675.69

AMOUNT ENCLOSED $_____

P.S. Our office accepts Western Union, Money Gram, MasterCard, VISA, debit cards and electronic bank deductions, or visit our website at **www.cslawllp.com** to make payments online. All payments should be made payable to Citibank, N.A..

**Exhibit 3**

# Law Office of
# Cohen & Slamowitz, LLP

(800) 293-6006 ext. 8983
(516) 686-8983
Fax (516) 584-1006
Firm Representative: ROBERT GREEN

**199 Crossways Park Drive**
**Woodbury, NY 11797-9004**
NYC DCA License No. 1160860

December 30, 2011

LDUNN1 P020211

DEYANIRA M TEJADA
3009 KINGSBRIDGETR.#B3
BRONX NY 10463

Re: Creditor: CITIBANK, N.A.
Card Type: CITI AT&T UNIVERSAL MASTERCARD
Account No: 5398829188988803
C&S File No: P020211
Balance Due As Of December 30, 2011: $16,211.50

Dear DEYANIRA M TEJADA:

Please be advised that the above referenced creditor has referred this account to our law office for collection. Please contact us to discuss the repayment options available to you.

## VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Law Office of Cohen and Slamowitz, LLP

P.S. All payments should be forwarded directly to this office and made payable to CITIBANK, N.A. . Our office also accepts Western Union, Money Gram and checks via telephone, or visit our website at **WWW.CSLAWLLP.COM** to make payments online.

 

**Exhibit 4**

# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8983
(800) 293-6006 ext 8983
Fax (516) 908-7993
Firm Representative: Robert Green

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

December 30, 2011

DEYANIRA M TEJADA
3009 KINGSBRIDGETR APT B 3
BRONX, NY 10463

      Re:  Creditor: Citibank, N.A.
           Card Type: Citi At&t Universal Mastercard
           Alleged Debtor: Deyanira M Tejada
           Account Number: 5398829188988803
           C&S File Number: P020211
           Balance as of December 30, 2011: $16,211.50

Dear Deyanira M Tejada,

      Please be advised that we represent the above creditor. Our client has advised us that there is a balance due and owing. We understand that your finances may not allow you to pay the balance in full at this time. Our client has authorized us to offer you several repayment options that fit YOUR budget.

      Kindly contact this office to discuss the payment options available. Our friendly and knowledgeable account representatives will be more than happy to discuss this matter with you.

                         Sincerely,

                         Mitchell G. Slamowitz, Esq.

P.S. All checks should be forwarded directly to this office. Our office also accepts Western Union, Money Gram, debit cards and electronic bank deductions, or visit our website at **www.cslawllp.com** to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Exhibit 5**

# Law Office of
# Cohen & Slamowitz, LLP

**(516) 686-8983**
**(800) 293-6006 ext. 8983**
**Fax (516) 908-7993**
**Firm Representative:** SHANA HUSSAIN

**199 Crossways Park Drive**
**P.O. Box 9004**
**Woodbury, NY 11797-9004**
NYC DCA License No. 1160860

February 24, 2012

DEYANIRA M TEJADA
3009 KINGSBRIDGE TERRACE  APT B3
BRONX NY 10463

Re:     Creditor: CITIBANK, N.A.
        Card Type: CITI AT&T UNIVERSAL MASTERCARD
        Account No. 5398829188988803
        C&S File No: P020211
        Balance Due as of February 24, 2012: $16,351.50

Dear DEYANIRA M TEJADA:

   Our client has authorized us to commence a lawsuit against you.

   Should you wish to discuss this matter with us, kindly call us at the telephone number set forth above.

                              Very truly yours,

                              Cohen & Slamowitz

P.S. All checks should be forwarded directly to our office and made payable to CITIBANK, N.A.   . Our office also accepts Western Union, Money Gram, and checks via phone, or visit our website at **www.cslawllp.com** to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

    

**Exhibit 6**

## CONSUMER CREDIT TRANSACTION
**IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!! THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF BRONX

--------------------------------------------------------------------------------X

CITIBANK, N.A.

                PLAINTIFF,

-AGAINST-

DEYANIRA M TEJADA

                DEFENDANT(S).

--------------------------------------------------------------------------------X

INDEX NUMBER  004039/12
C&S FILE NO. P020211

### SUMMONS
PLAINTIFF'S ADDRESS:
701 EAST 60TH ST. NORTH
SIOUX FALLS, SD 57117

THE BASIS OF THE VENUE
DESIGNATED IS DEFENDANT'S
RESIDENCE  FEB 2 9 2012

*TO THE ABOVE NAMED DEFENDANT(S)*: YOU ARE HEREBY SUMMONED TO APPEAR IN THE CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF BRONX AT THE OFFICE OF THE CLERK OF THE SAID COURT AT 851 GRAND CONCOURSE, BRONX, NY 10451, IN THE CITY AND STATE OF NEW YORK, WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED COMPLAINT WITH THE CLERK: UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE SUM OF $16,211.50 WITH COSTS AND DISBURSEMENTS OF THIS ACTION.

DATED: February 22, 2012

        COHEN & SLAMOWITZ, LLP, ATTORNEYS FOR PLAINTIFF
        199 CROSSWAYS PARK DR., P.O. BOX 9004, WOODBURY, NY 11797-9004
        (516) 686-8983; (800) 293-6006 ext. 8983; Refer to C&S File No. P020211

NOTE:  THE LAW PROVIDES THAT (A) IF THIS SUMMONS IS SERVED BY ITS DELIVERY TO YOU PERSONALLY WITHIN THE CITY OF NEW YORK, YOU MUST APPEAR AND ANSWER WITHIN TWENTY DAYS AFTER SUCH SERVICE; OR (B) IF THIS SUMMONS IS SERVED BY DELIVERY TO ANY PERSON OTHER THAN YOU PERSONALLY, OR IS SERVED OUTSIDE THE CITY OF NEW YORK, OR BY PUBLICATION, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, YOU ARE ALLOWED THIRTY DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT WITHIN WHICH TO APPEAR AND ANSWER.

DEFENDANT(S) TO BE SERVED:
DEYANIRA M TEJADA, 3009 KINGSBRIDGE TERRACE  APT B3, BRONX NY 10463

ID3700278

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

CITIBANK, N.A.

                  PLAINTIFF,                    INDEX NUMBER

-AGAINST-                                   FILE NO. P020211

DEYANIRA M TEJADA                  **COMPLAINT**

                  DEFENDANT(S).

------------------------------------------------------------X

     PLAINTIFF, BY ITS ATTORNEYS, COMPLAINING OF THE DEFENDANT(S), RESPECTFULLY ALLEGES THAT:

     1.     PLAINTIFF IS A NATIONAL BANKING ASSOCIATION ORGANIZED PURSUANT TO FEDERAL LAW. PLAINTIFF IS A DIRECT CREDITOR AND NOT A DEBT PURCHASER, AND AS SUCH IS NOT REQUIRED TO BE LICENSED BY THE DCA.

     2.     UPON INFORMATION AND BELIEF, THE DEFENDANT(S) RESIDES OR HAS AN OFFICE IN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, OR THE DEFENDANT(S) TRANSACTED BUSINESS WITHIN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, EITHER IN PERSON OR THROUGH AN AGENT AND THE INSTANT CAUSE OF ACTION AROSE OUT OF SAID TRANSACTION.

             **AS AND FOR A FIRST CAUSE OF ACTION**

     1.     PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE FOREGOING PARAGRAPHS AS IF MORE FULLY SET FORTH HEREIN.

     2.     PLAINTIFF OFFERED TO OPEN A CREDIT ACCOUNT, ACCOUNT NO. XXXXXXXXXXXX8803 (HEREINAFTER THE "ACCOUNT"), IN DEFENDANT'S NAME.

     3.     DEFENDANT ACCEPTED THE OFFER BY USING THE ACCOUNT.

     4.     DEFENDANT DEFAULTED BY FAILING TO MAKE PAYMENTS WHEN DUE.

     5.     DEMAND FOR PAYMENT OF THE ACCOUNT WAS MADE ON DEFENDANT, BUT DEFENDANT FAILED TO MAKE ALL THE REQUESTED PAYMENTS.

     6.     AFTER CREDITING DEFENDANT FOR ALL PAYMENTS AND CREDITS, THERE IS NOW DUE AND OWING BY DEFENDANT TO PLAINTIFF THE SUM OF $16,211.50, NO PART OF WHICH HAS BEEN PAID DESPITE DUE DEMAND THEREFOR.

## AS AND FOR A SECOND CAUSE OF ACTION

7.      PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE FOREGOING PARAGRAPHS AS IF MORE FULLY SET FORTH HEREIN.

8.      THAT HERETOFORE, PLAINTIFF RENDERED TO DEFENDANT(S) A FULL AND TRUE ACCOUNT OF THE INDEBTEDNESS OWING BY THE DEFENDANT(S) AS A RESULT OF THE ABOVE AGREEMENT, IN AN AMOUNT AS HEREINABOVE SET FORTH WHICH ACCOUNT STATEMENT WAS DELIVERED TO AND ACCEPTED WITHOUT OBJECTION BY THE DEFENDANT(S) RESULTING IN AN ACCOUNT STATED IN THE SUM OF $16,211.50, NO PART OF WHICH HAS BEEN PAID DESPITE DUE DEMAND THEREFOR.

**WHEREFORE,** PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT(S) IN THE SUM OF $16,211.50 TOGETHER WITH COSTS AND DISBURSEMENTS.

THE UNDERSIGNED ATTORNEY HEREBY CERTIFIES THAT, TO THE BEST OF HIS/HER KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE PRESENTATION OF THE WITHIN COMPLAINT AND THE CONTENTIONS THEREIN ARE NOT FRIVOLOUS AS DEFINED IN PART 130-1.1 OF THE RULES OF THE CHIEF ADMINISTRATOR.

DATED: FEBRUARY 22, 2012

YOURS, ETC.
COHEN & SLAMOWITZ, LLP, NYC DCA LICENSE NO. 1160660

BY:     **S/**

D. Cohen/M. Slamowitz ESQS.
ATTORNEYS FOR PLAINTIFF
P.O. BOX 9004, 199 CROSSWAYS PARK DRIVE, WOODBURY, NY 11797-9004
(516) 686-8983; (800) 293-6006 ext. 8983;
Refer to C&S File No. P020211

**Exhibit 7**

# Law Offices
# Cohen & Slamowitz, LLP

(516) 686-8983                                    P.O. Box 9004
Fax 516 364-6067                                  Woodbury, NY 11797-9004
Firm Representative: SHANA HUSSAIN                 NYC DCA License No. 1160860

May 2, 2012

DEYANIRA M TEJADA
3009 KINGSBRIDGE TER B3
BRONX NY 10463-5914

Re:    Creditor: CITIBANK, N.A.        CARD TYPE:CITI AT&T UNIVERSAL
       MASTERCARD
       Card Type: CITI AT&T UNIVERSAL MASTERCARD
       Client Account No.: 5398829188988803
       C&S File No.: P020211
       Balance Due: $16,351.50

Dear DEYANIRA M TEJADA:

       Enclosed please find an additional copy of the summons pursuant to New York State law.

       If you wish to discuss this matter, please do not hesitate to contact us.

                          Very Truly Yours,

                          David A. Cohen, Esq./Mitchell G. Slamowitz, Esq.

P.S. All checks should be forwarded directly to our office and made payable to CITIBANK, N.A.   . Our
office also accepts Western Union, Money Gram, and checks via phone, or visit our website at
www.cslawllp.com to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT
TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.**